MINUTE ENTRY
CURRAULT, M. J.
JULY 8, 2020

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN SCOTT MAAS | CIVIL ACTION |
| VERSUS | NO. 20-335 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION "J" (2) |

**HEARING AND ORDER ON MOTION**

A telephone hearing was held on this date to address (1) plaintiff John Scott Maas's Motion for Reconsideration (R. Doc. 12) on this Court's Order (R. Doc. 5) granting plaintiff's former counsel's Motion to Withdraw as Attorney (R. Doc. 4); and (2) construing his pro se filing liberally, his request to appoint counsel embedded in his Motion to Continue Hearing Regarding Counsel of Record (R. Doc. 11). Also discussed was the schedule for initial proceedings, including deadlines for initial disclosures and the parties' joint venue stipulation or their respective motions for transfer of venue.

APPEARANCES: John Scott Maas, pro se plaintiff;
Devin Reed and Wendy Zupac, representing defendants;
Alexis Vice, Court Reporter

Plaintiff argues that the court should reconsider and reverse its prior Order allowing his counsel to withdraw because, among other things, he did not indicate a plan to proceed pro se, counsel did not send him the motion as certified, and plaintiff disputed counsel's assertion of irreconcilable differences. Plaintiff also requested that the court appoint counsel pursuant to 28 U.S.C. § 1915(d) (R. Doc. 11, at 2), and orally requested appointment of counsel pursuant to Fed. R. Civ. P. 17(c)(2).

MJSTAR: 00:35

I.    **Motion to Reconsider Order Authorizing Withdrawal of Counsel**

While Plaintiff disputes whether former counsel mailed the motion to him as represented and that he ever said he planned to proceed pro se (R. Doc. 12), Plaintiff did not dispute that he had disagreements with counsel. Indeed, a review of Plaintiff's pro se filings and attachments reflect the tension and conflicts between Plaintiff and his former counsel. *See, e.g.*, R. Doc. 12, at 6-9. Further, counsel's Motion to Withdraw was filed very early in this litigation, specifically within three weeks of the initial Complaint. *Compare* R. Doc. 1 *with* R. Doc. 4.

Allowing Plaintiff's former counsel to withdraw in these circumstances is appropriate, and the Court will not reconsider that decision.[1]

II.   **Motion to Appoint Counsel**

Plaintiff appears to alternatively request that, if his former counsel is not forced to continue representing him, he be appointed counsel. R. Doc. 11. A litigant has no right to a court-appointed attorney in a civil case. *See FTC v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) (constitutional right to counsel does not apply to civil pro se litigants). While 28 U.S.C. § 1915(e)(1) authorizes a court to request an attorney to represent a person unable to afford counsel, it requires "exceptional circumstances" considering (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[2]

This is essentially a personal injury case with no novel or complex questions of fact or law, and plaintiff has not established exceptional circumstances necessary for the appointment of counsel. Nor does plaintiff's claim fall within the parameters for appointment of counsel under

---

[1] *See, e.g., Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200 (5th Cir. 2019).
[2] *See Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

this Court's guidelines. *See* April 22, 2014 Resolution of the En Banc Court of the Eastern District of Louisiana concerning appointment of counsel from this Court's Civil Pro Bono Panel (permanently adopted on Oct. 5, 2016).

Likewise, plaintiff has failed to demonstrate that appointment of counsel pursuant to Rule 17 of the Federal Rules of Civil Procedure is appropriate. Rule 17(c)(2) authorizes the court to appoint a guardian ad litem or other appropriate order to protect a minor or incompetent person who is unrepresented in an action. Individuals are incompetent for Rule 17 purposes only if they lack the capacity to litigate under the law of their domicile.[3] Tennessee, which is plaintiff's domicile, respects autonomy and presumes that adult persons are capable, rather than incapable, to direct their personal affairs, and satisfactory evidence to the contrary must be presented before depriving a person of the ability to direct his affairs.[4]

While plaintiff argued that his PTSD and panic attacks render him mentally disabled (*see* R. Doc. 12, at 4; R. Doc. 11, at 4), having a disability is not the same as being legally incompetent for purposes of Rule 17, and plaintiff has provided no evidence of any state-court finding of incompetence.[5] Further, through his filings and oral advocacy before this Court, plaintiff has demonstrated his ability to understand the nature and effect of this litigation and to forcefully articulate his position. Absent any verifiable evidence of incompetence or other demonstrated incompetence, Rule 17 is inapplicable, and it would be improper to appoint a guardian ad litem.[6]

---

[3] *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006).
[4] *In re Conservatorship of Groves*, 109 S.W.3d 317, 329–30 (Tenn. Ct. App. 2003); *see also* TENN. CODE ANN. § 34–1–126 (2001) (requiring clear and convincing evidence that person is disabled).
[5] *See Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir. 1986) (noting that "if there has been a legal adjudication of incompetence and that is brought to the court's attention, [Rule 17(c)(2)'s] provision is brought in play").
[6] *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201–03 (2d Cir. 2003).

**III.    Scheduling**

The Court also addressed scheduling with the parties.  By Order dated April 15, 2020, the court stayed the deadlines in this case pending resolution of the motions regarding counsel and to allow another attorney to review the matter and determine whether she would enroll as counsel for plaintiff.  R. Doc. 16.  With those matters now resolved, this matter must proceed.  Deadlines were established for (1) Plaintiff to supplement his Plaintiff Profile Form, (2) Defendant to deliver, in hard copy, its Initial Disclosures to Plaintiff, and (3) the parties to confer and file appropriate documents regarding venue.

**IV.    Conclusion**

Accordingly, for the foregoing reasons, considering the record, the oral representations of plaintiff and defendants' counsel, plaintiff's written submissions, and the applicable law,

IT IS ORDERED that the Motion for Reconsideration (R. Doc. 12) is DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion to Appoint Counsel (R. Doc. 11) is DENIED.

IT IS FURTHER ORDERED that the stay issued on April 15, 2020 (R. Doc. 16), is hereby LIFTED.

IT IS FURTHER ORDERED that, on or before July 15, 2020, plaintiff must serve on defendants' counsel any supplement or amendment to his Plaintiff Profile Form.

IT IS FURTHER ORDERED that, on or before July 23, 2020, defendants' counsel must serve their initial disclosures on plaintiff by mailing the documents to plaintiff's home address as reflected on the docket sheet in this matter.

IT IS FURTHER ORDERED that, no later than 30 days after the mailing date of defendants' initial disclosures, plaintiff and defendants' counsel must file in the record of this

matter either (1) their joint venue stipulation or (2) their respective motions for transfer of venue to a particularly identified United States District Court for another district or to conduct further proceedings in the Eastern District of Louisiana, noticed for submission on the Magistrate Judge's next available motions submission date and supported by a memorandum of facts and law addressing the factors set forth in 28 U.S.C. § 1404(a) and applicable case law.

IT IS FURTHER ORDERED that plaintiff and counsel for defendant confer and submit a proposed schedule for any further initial proceeding deadlines in this case.

New Orleans, Louisiana, this 8th day of July, 2020.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE