```
1              UNITED STATES DISTRICT COURT

2              EASTERN DISTRICT OF LOUISIANA

3

4    ****************************************************************
     JOHN SCOTT MAAS                      CIVIL ACTION NO. 20-335
5                                         SECTION "J" (2)
     VERSUS                               WEDNESDAY, JULY 8, 2020
6
     BP EXPLORATION & PRODUCTION, ET AL
7    ****************************************************************

8

9           TRANSCRIPT OF TELECONFERENCE MOTION PROCEEDINGS
     HEARD BEFORE HONORABLE MAGISTRATE JUDGE DONNA PHILIPS CURRAULT
10                 UNITED STATES DISTRICT COURT

11

12

13   APPEARANCES:

14   FOR THE PLAINTIFF:               JOHN SCOTT MAAS
                                      505 Ripley Road
15                                    Sparta, TN 38583

16

17   FOR THE BP DEFENDANTS:          DEVIN C. REID, ESQ.
                                     Liskow & Lewis
18                                   701 Poydras Street
                                     Suite 5000
19                                   New Orleans, LA 70139

20

21                                   WENDY Z. ZUPAC, ESQ.
                                     Williams & Connolly, L.L.P.
22                                   725 12th Street, N.W.
                                     Washington, DC 20005
23

24

25


                         OFFICIAL TRANSCRIPT
```

1   Official Court Reporter:          Alexis A. Vice, CCR, RPR, CRR
2                                     500 Poydras Street, HB-275
                                      New Orleans, LA  70130
3                                     (504) 589-7777
                                      *Alexis_Vice@laed.uscourts.gov*

4

5

6

7   *PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.   TRANSCRIPT*
    *PRODUCED BY COMPUTER.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

OFFICIAL TRANSCRIPT

```
 1                   P-R-O-C-E-E-D-I-N-G-S

 2                 (WEDNESDAY, JULY 8, 2020)

 3                  (MOTION PROCEEDINGS)

 4

 5          THE COURT: Good morning, everyone.  This is

 6   Judge Currault.  Could you tell me who is all on the line,

 7   please?  Let's do a roll call, please.

 8          MR. REID: Devin Reid for the BP defendants, Your

 9   Honor.

10          THE COURT: Okay, thank you.

11          MR. MAAS: John Maas, the plaintiff.

12          COURT REPORTER: Alexis Vice, the court reporter.

13          MS. ZUPAC: And I'm Wendy Zupac.  I'm from Williams &

14   Connolly, L.L.P.  My colleague Kevin Hodges is unavailable

15   right now; so I'm just stepping in for him.  Also on behalf of

16   the BP defendants.

17          THE COURT: Okay, that's fine, thank you.

18          Well, I set this conference because we had a couple

19   of motions that had been filed, and they had kind of been

20   delayed because we were waiting to hear whether or not a lawyer

21   was going to be enrolling for Mr. Maas.  And we've since

22   received correspondence indicating that that particular

23   attorney will not be enrolling.

24          MR. REID: Correct.

25          THE COURT: So Mr. Maas, I wanted to have this call to
```

OFFICIAL TRANSCRIPT

1  address briefly your motion to reconsider the motion to allow

2  your prior counsel to withdraw.

3          MR. MAAS: Thank you.

4          THE COURT: Yeah.  And I have to say, I've read over

5  your materials as well as the attachments that you had to your

6  reconsideration request.  And it appears that you and your

7  lawyer have an irreconcilable difference, and I cannot force

8  him to represent you in this case.

9          MR. MAAS: I understand.

10         THE COURT: Okay.  So I'm going to deny the

11 reconsideration of the motion -- of the order granting the

12 withdrawal of your counsel.

13         MR. MAAS: Ma'am, before you do that, I understand

14 they're not an indentured servant and that the false statements

15 made in the motion to withdraw are very concerning.  When a

16 lawyer lies to a judge and says plaintiff has advised he is

17 planning to proceed pro se, that's absolutely incorrect, and

18 it's a flat-out lie.

19         And the fact that no party would be unduly prejudiced

20 by granting the motion is also incorrect.  In part 4, a copy of

21 the motion and all upcoming deadlines have been served to the

22 plaintiff and opposing counsel by certified mail is also false.

23 I was never served any copy of a motion to withdraw until the

24 clerk of pro se court in the Eastern District sent me that

25 copy.  And the only person that would be negatively affected by

OFFICIAL TRANSCRIPT

1  granting the withdrawal would be myself.

2         And how on earth could a motion to withdraw be

3  electronically filed on the 17th and granted on the 17th

4  and that would not be in violation of Federal Rules of Civil

5  Procedure 17(c) that requires a court to protect an incompetent

6  person during litigation.  And Rule 7.1 Title III which gives

7  me 21 days to respond, and I wasn't given an opportunity to

8  respond.

9         I have no intention of wrestling BP pro se in a

10  federal personal injury court.  And this type of withdrawal is

11  extremely common as a matter of fact, by the thousands, if I'm

12  not mistaken, by either Howard Nations or The Downs Law Group.

13  And now The Downs Law Group is able to hold or withhold

14  evidence in a trial claiming that they don't have to return my

15  file until I pay them $900.  That's in complete contrast with

16  my contract with Downs, Section 2.  I supplied that to you.

17         I've got a PTSD diagnosis that I need to file a

18  letter of intent to sue with the claims administrator still,

19  and all my original evidence is in the possession of The Downs

20  Law Group.  I can't even get past the claims administrator

21  without my file.

22         I would like the Court to order The Downs Law Group

23  to return my original file to me.

24         THE COURT: Okay.  Mr. Maas, the Court can't get

25  involved in your dispute with your former counsel.  That's a

OFFICIAL TRANSCRIPT

1  different issue.  In this lawsuit that we're dealing with, it's
2  your claims against BP.
3          And what I need to explain to you is that I
4  understand that you said you were not served with the motion to
5  withdraw, and you know, it's -- you know, I'd have to
6  reschedule this at a time and order The Downs Firm to
7  participate in a call about it.  But Mr. Maas, I have to tell
8  you, at the end of the day, based on the documents that you
9  attached to your motion with regard to the correspondence
10 between yourself and The Downs Law Firm, The Downs Law Firm is
11 entitled to withdraw and is not going to be forced to represent
12 you in this case.
13         MR. MAAS: I understand.  That's not what I'm asking
14 for.
15         What I'm asking for is sanctions against The Downs
16 Law Firm for allowing and perpetrating fraud against a federal
17 court.  This motion to withdraw is a flat-out lie, Your Honor,
18 and an attorney should be held to a higher standard.  And lying
19 to a federal judge is a crime for me to commit, and it
20 certainly should be a crime for them to commit as well.  This
21 is simply part of --
22         THE COURT: Mr. Maas, if you want to file a
23 disciplinary complaint with the Eastern District of Louisiana's
24 Disciplinary Board complaining about the conduct of your lawyer
25 in this matter, you're certainly free to do that.  But that's

OFFICIAL TRANSCRIPT

```
1   not the -- that's not part of this case with your claims
2   against BP.
3             MR. MAAS: Yes, ma'am, I understand.
4             THE COURT: But I hear what you're saying, and I
5   appreciate that.  But there is a disciplinary board here at the
6   Eastern District, and you're free to file or send them a letter
7   and outline what your issues are with your former law firm.
8   And the disciplinary board can conduct an investigation and
9   address any of those claims.  That doesn't matter in proceeding
10  in this lawsuit.
11            MR. MAAS: Yes, ma'am, I understand.
12            Judge Wilkinson ordered The Downs Law Group to
13  respond to my accusations, and I'd like a copy of that
14  response.  I believe I'm entitled to that.  Am I not?
15            THE COURT: I believe Judge Wilkinson ordered that if
16  they chose to respond, they needed to do so by a certain date.
17            MR. MAAS: Yes, ma'am.
18            THE COURT: And I do not believe there was any
19  response filed by them into the court record.
20            MR. MAAS: You don't -- so there was no response to
21  your belief?
22            THE COURT: When I last checked, they had not filed
23  anything by that deadline.
24            MR. MAAS: That's fine.  I'll handle The Downs Law
25  Group in a Florida court of law after a bar association
```

OFFICIAL TRANSCRIPT

1    complaint has been made and a civil action for breach of

2    contract.  It's quite clear that it was a breach of contract.

3    It had nothing to do with the merits of this case.  It simply

4    had to do with the -- I've talked to 50 other attorneys

5    pertaining to this matter.  The perceived corruption in this

6    case is nationwide.  When the lawyers get paid more than the

7    plaintiffs --

8              THE COURT: Mr. Maas, we're going to have to keep the

9    focus here on what we're here to address.

10             MR. MAAS: Yes, ma'am.

11             THE COURT: And I understand you're dissatisfied with

12   how things have been.  We need to address how we're going to

13   move this case forward, okay.

14             MR. MAAS: Yes, ma'am.

15             THE COURT: So we're not going to reconsider the

16   withdrawal of your former counsel.

17             You had also, I think, had a request to appoint

18   counsel.  But as you know, there's no constitutional right to

19   appointed counsel in civil cases.  And unfortunately, your case

20   is not the type of case that would allow me to even request

21   appointment from our Civil Pro Bono Panel.  Your case doesn't

22   fall within it.  You have a personal injury claim.

23             And I would recommend that you seek to either obtain

24   counsel or proceed to represent yourself because those are

25   really your options here.


                        OFFICIAL TRANSCRIPT

1              MR. MAAS: Well, I do have another option, ma'am, if

2    I'm not mistaken.  Rule 17(c) requires a court to protect an

3    incompetent person during litigation.  I've been disabled for

4    mental reasons from the Social Security Administration for

5    19 years, and I do not have the ability to defend myself in

6    court or muster a case against BP.

7              In light of that fact, I believe the Court does have

8    the ability to appoint counsel in a situation like this.  I

9    understand that it's a narrow set of circumstances involved in

10   this, but I was forced into litigation through a class action.

11   I was approved by the claims administrator to pursue this case.

12   And then just about everybody that filed a case, the lawyers

13   have backed out for some reason or another.  Probably a

14   backdoor deal with BP of some sort.

15             And I believe -- I have called the FBI and the

16   Department of Justice and made complaints and requested an

17   investigation into that end of it.

18             But as a disabled member of society with no financial

19   means to retain counsel and the fact that no attorney on earth

20   will take a BELO claim because of the Master Settlement

21   Agreement rules, there's absolutely no recourse for a disabled

22   member of society to be meaningfully heard or have unfettered

23   access to the court without counsel.

24             THE COURT: Let me hear from the counsel for BP on

25   your request.  I'm not sure which one of you would like to

OFFICIAL TRANSCRIPT

1  respond?

2         MR. REID: Your Honor, this is Devin Reid from

3  Liskow & Lewis.  I'm not exactly quite sure how to respond

4  either.

5         I can affirmatively represent that there is no

6  backdoor deal in place at all, and we certainly defer to the

7  Court in how the Court wants to proceed.

8         THE COURT: Mr. Reid, are there other BELO cases where

9  plaintiffs are represented by counsel?

10         MR. REID: Yes, Your Honor, there are.  In fact, I

11 believe at last check, we still have about 200 or so pending in

12 the Eastern District.  A mixture of Downs and Nations, those

13 two have the bulk of the cases.  Your Honor, we provided some

14 stats to Ben Allen at his request about two weeks ago.  And a

15 few other law firms are minor players on the BELO docket.

16         MR. MAAS: Your Honor, excuse me.  The fact is --

17         THE COURT: Mr. Maas, let me finish hearing from BP.

18         MR. MAAS: Yes, ma'am.

19         THE COURT: I've heard from Mr. Reid.  Let's see, is

20 there anyone else that would like to respond?

21         MR. REID: Wendy, have I forgot anything?

22         MS. ZUPAC: No, I was going to say BP doesn't take a

23 position one way or the other on Mr. Maas's request for

24 counsel.  And concerning whether there's a backdoor deal, I

25 will confirm that there's no backdoor deal as well.

OFFICIAL TRANSCRIPT

1        MR. MAAS: Am I the only one that can't hear her?

2        THE COURT: Okay, Mr. Maas.

3        Could you repeat what you said to ensure that the

4   court reporter was able to hear you and adequately record your

5   statement?

6        MS. ZUPAC: Absolutely, Your Honor.  I reaffirm what

7   Mr. Reid said in terms of there not being any sort of backdoor

8   deal between the BP parties and any plaintiff's counsel

9   involved in the BELO docket.

10       And furthermore, BP does not have a position on

11  Mr. Maas's request for appointment of counsel, and we're happy

12  to defer to Your Honor.

13       THE COURT: Okay.

14       Okay, Mr. Maas, is there anything else that you would

15  like to say?

16       MR. MAAS: Yes, ma'am.  In response to the backdoor

17  deal issue --

18       THE COURT: Mr. Maas, let me just say that I'm not

19  going to hear any evidence about whether there is or isn't a

20  backdoor deal speculation in that regard.

21       MR. MAAS: Yes, ma'am, yes, ma'am.

22       THE COURT: I'm asking if you have anything more to

23  say with regard to your request to appoint counsel.

24       And I am familiar with Rule 17.  I'm also familiar

25  with the Court's En Banc Order here and the law regarding the

OFFICIAL TRANSCRIPT

1  appointment of counsel and the distinction between civil cases

2  and criminal cases.  So is there anything more that you would

3  like to add?

4          MR. MAAS: Yes, ma'am.  11,000 BELO cases were filed

5  against BP.  10,800 of them have been sold out by the

6  plaintiff's counsels.  There's got to be a red flag.  If 200

7  cases are all that's left out of 11,000, surely, I'm not the

8  only one that smells a rat.

9          THE COURT: Okay.  Is there anything else, Mr. Maas?

10          MR. MAAS: Yes, ma'am.  Actually, there's quite a bit

11  more.  I hope you guys have a little time and patience.

12  Because if you're going to make me represent myself, I'm going

13  to do so to the best of my ability.

14          First off, Case Management Order No. 1 does not allow

15  motions at this time.  I believe the motion to withdraw was

16  improperly submitted based on the Master Settlement Agreement

17  to begin with.

18          THE COURT: Mr. Maas, I've already denied your request

19  to reconsider the motion to withdraw.  The motion to withdraw

20  counsel is going to stand.

21          MR. MAAS: Okay.  So now let's dwell on the counsel

22  and my need to have counsel appointed under my circumstances.

23          THE COURT: Mr. Maas, I've listened to you already

24  with regard to your circumstances, and I understand the

25  difficulties that you face.  But this is a personal injury

OFFICIAL TRANSCRIPT

1  case, and there are lawyers who will take these cases.
2  Perhaps --

3           MR. MAAS: Not --

4           THE COURT: Excuse me.  Don't interrupt me, please,
5  sir.

6           Perhaps, you could reach out to BP's counsel to find
7  the names of other lawyers who are handling some of their other
8  BELO cases, and you can contact those lawyers.

9           MR. MAAS: I have talked to -- I've talked to a
10 couple --

11          THE COURT: Excuse me, Mr. Maas.  At this point, the
12 Court is not in a position to appoint counsel for you.  So now
13 we need to proceed on with your case.

14          Counsel for BP, have you received the required
15 profile form in this matter?

16          MS. ZUPAC: We have, Your Honor.

17          THE COURT: Okay.  Have y'all discussed venue at all?
18 I don't believe there's been a venue statement filed in this
19 matter yet; is that correct?

20          MS. ZUPAC: That's correct.

21          And actually, before we get to venue, the BP parties
22 need to make their own initial disclosures.  We have not done
23 so because our normal -- because that deadline has been
24 suspended, and our normal practice is to serve counsel or pro
25 se plaintiffs with electronic disclosures.  However, our

OFFICIAL TRANSCRIPT

1  understanding is that Mr. Maas does not have access to a
2  computer or email address.

3          And so if Mr. Maas is going to proceed pro se, we
4  just need to make arrangements with a vendor to have the
5  production printed and mailed in hardcopy.  And so, happy to do
6  that if we have a date certain for that production deadline.
7  But we were just waiting to see how the situation with his
8  representation shook out before we proceeded with those initial
9  disclosures.

10         THE COURT: Okay, I appreciate that.  Do you have a
11  current address for Mr. Maas?

12         MS. ZUPAC: I believe so.  I don't have it right in
13  front of me, but I believe he lives in Tennessee.  And we have
14  it from his initial disclosures.  I can pull it up and confirm
15  it.

16         THE COURT: Great.  Well, can BP get a vendor and
17  produce the documents to Mr. Maas within 15 days?

18         MS. ZUPAC: Yes, that would be fine.  15 days from
19  today would be absolutely fine.

20         THE COURT: Okay, then the Court will order that BP's
21  initial disclosures be delivered to Mr. Maas within 15 days.

22         And then for a venue deadline, Mr. Maas, you'll need
23  to speak with BP's counsel and discuss venue.  And then the
24  parties should submit to the Court their positions on venue
25  within 30 days.


OFFICIAL TRANSCRIPT

1           MR. MAAS: Ma'am, I talked to Mr. Hodges in great

2    depth over this issue.  And I feel that the venue should be

3    Tennessee since my doctors and my witnesses should supersede

4    the Court's financial issues or whatever the case may be on the

5    court.  I understand the courts want it in the Eastern District

6    or down in the south.

7           But the fact is I've lived in Tennessee for

8    six years.  Tennessee is my residence.  My doctors, my

9    witnesses, all reside in Tennessee.  And as a disabled person,

10   we need to at least have respect for the fact that I make $940

11   a month, and I can't travel to Louisiana every time I need a

12   hearing.  My case should be heard in the jurisdiction where I

13   reside, and BP's counsel Mr. Hodges has no objection to any

14   state venue.  He says that he will be happy to take it on in

15   Tennessee or anywhere else.  So unless it's a convenience to

16   the Court to have it there and that supersedes witness

17   testimony or anything else, then I believe Tennessee should be

18   the venue.

19          And I have written a motion pertaining to that called

20   a hearing regarding counsel.  And if you've read the hearing

21   motion, it says I make $980 a month on Social Security

22   disability.  It will cost over 400 to travel to New Orleans one

23   time.  And I cannot afford my medications needed to stay alive

24   already.  I then request Tennessee is the proper venue.

25          THE COURT: Okay.  Counsel for BP, have you all had an

OFFICIAL TRANSCRIPT

1  opportunity to discuss this with Mr. Maas, and are you in

2  agreement with regard to Tennessee such that you can file a

3  joint statement as to venue?

4         MS. ZUPAC: Your Honor, at this hearing, I'm not

5  prepared to say that we are.  I have discussed it with

6  Mr. Hodges, and we completely understand the plaintiff's

7  circumstance.  Our hesitation with Tennessee is the fact that

8  it hasn't seen any BELO cases.  So this would be the first BELO

9  case to be transferred there as opposed to the Gulf states

10 which have seen hundreds each.  So with that said, I'm just not

11 ready to state that at this time that we can file a joint

12 motion for Tennessee.

13        That's something that we are certainly happy to

14 discuss further with Mr. Maas.  And I do apologize if I'm not

15 up to date with any discussions that Mr. Maas and Mr. Hodges

16 had on this.  I had been under the impression that we were

17 still considering venue.

18        THE COURT: Okay, this is what I'm going to do.  I'm

19 going to order that within 30 days after BP's initial

20 disclosures are completed, the parties are to file either a

21 joint request on venue or your own motions to transfer to the

22 particular venue that you each want the case to go to, and then

23 the Court will address it.

24        So if you do agree, it will be a joint statement

25 agreeing to venue; and if you don't agree, you will each file

OFFICIAL TRANSCRIPT

1   your own request to transfer to your desired venue.  Is that

2   understood?

3                  MR. MAAS: No, ma'am.  I'm not an attorney.  It can't

4   be understood.

5                  THE COURT: Okay.  Well, what I'm saying is 30 days

6   after BP files its initial disclosures, if you and BP have not

7   agreed on a venue, you are to each file your own motion

8   requesting a transfer to the venue where you want the case to

9   go.  And I believe you mentioned already you had prepared such

10  a motion, Mr. Maas.  So that's --

11                 MR. MAAS: Well, that's --

12                 THE COURT: Excuse me, Mr. Maas, let me finish.

13                 What I'm saying is if you and BP do not agree and

14  file a joint motion, then you should file your own individual

15  motion requesting your transfer to Tennessee for the reasons

16  you articulated today as well as any other reasons that you

17  believe Tennessee is the appropriate venue.

18                 MR. MAAS: Within 30 days of today?

19                 THE COURT: Within 30 days of BP's initial disclosures

20  which are due in 15 days.  So that would be 45 days from today

21  assuming BP takes the full 15 days to do its disclosures.

22                 MR. MAAS: Your Honor, since BP has had the luxury of

23  allowing -- or the practice pretty much stops on the BELO

24  process during these issues.  May I please supplement or send

25  in more items for the PPF?

OFFICIAL TRANSCRIPT

```
 1              I had to fill out my PPF's myself.  My counsel bailed
 2   on me.  And I supplied them with 1400 documents pertaining to
 3   my claim, and there are many more documents that I'd like to
 4   submit.  And I can submit that within seven days, but I'd like
 5   to be able to expand my PPF at this time.
 6              THE COURT: Is there any objection from BP on
 7   Mr. Maas's amending his PPF within seven days?
 8              MS. ZUPAC: There's no objection from the BP parties.
 9              THE COURT: Okay, thank you.
10              Mr. Maas, you may have an additional seven days to
11   file the amended -- amendments to your PPF as you've requested.
12              MR. MAAS: Thank you, Your Honor.
13              MS. ZUPAC: Just one clarification, Your Honor, if I
14   may.  By file, do you mean having him served?
15              THE COURT: I apologize, yes.  Because your initial,
16   your profile forms and your initial disclosures are not filed
17   with the Court, they're exchanged between the parties --
18              MR. MAAS: Right.
19              THE COURT: -- you would send that directly to BP's
20   counsel and not file it with the Court.
21              MR. MAAS: That's what I did the first time, ma'am.
22   Thank you, yes, ma'am.
23              THE COURT: Okay, I appreciate that clarification.
24              MR. MAAS: Your Honor, I'm sorry I've interrupted you.
25   It's too hard on the phone.  I'm sorry.
```

OFFICIAL TRANSCRIPT

1          THE COURT: That's okay.

2          All right.  Well, if there's nothing further, that

3     will conclude our proceedings this morning.

4          MS. ZUPAC: Thank you, Your Honor.

5          MR. MAAS: Ma'am, there is one other thing that I'd

6     like to approach on this.

7          Judge Wilkinson was in the process of qualifying me

8     to have counsel appointed.  And now that he's gone, that

9     process is gone too?  Is that what I understand?

10         Because I am qualified under 42 U.S.C. 12102 and 28,

11    35.104, I am a qualified person with disabilities that

12    should -- and I believe the courts have a duty to consider

13    hiring or retaining counsel for me.  And I'm just steadfast on

14    the fact that a disabled, a mentally disabled person doesn't

15    stand a chance against BP's counsel in a federal court.  And

16    the court's responsibility to make sure I have due process and

17    have the right to be meaningfully heard is being ignored by

18    this Court right now.

19         THE COURT: Mr. Maas, I appreciate your feelings on

20    this.  As I've explained, there is no constitutional right to

21    counsel in a civil case, and your personal injury claims does

22    not fall within the parameters that would enable me to appoint

23    counsel.

24         MR. MAAS: Excuse me, ma'am, has your firm, the firm

25    that you worked for prior to being appointed a federal judge,

OFFICIAL TRANSCRIPT

1  did you ever hire or defend BP in any way, shape, or form; and

2  if so, don't you believe you should recuse yourself from the

3  case?

4          THE COURT: Mr. Maas, the answer to your question is

5  no, I've had no role or involvement with BP in my private

6  practice.  And to suggest so without any factual basis is

7  completely inappropriate.

8          MR. MAAS: I didn't suggest.  I asked, ma'am.

9          THE COURT: All right.  If there's nothing further,

10  that will conclude the hearing for this morning.

11          MR. MAAS: There's quite a bit more, ma'am.  I haven't

12  even started to be quite frank.

13          THE COURT: Mr. Maas, the only issues today were the

14  appointment of counsel and the reconsideration of the

15  withdrawal order.  Those have been resolved.  We now have a

16  schedule to proceed.

17          You have seven days to supplement your PPF.  BP will

18  be sending you their initial disclosures within 15 days.  Then

19  30 days after that disclosure, you all are to address the venue

20  issue.  Those are the issues before the Court today.

21          Are there any other issues related to those matters?

22          MR. MAAS: Yes, ma'am.  The fact that you have denied

23  me counsel brings me to two other issues.  I move the Court

24  follow the *Haines* rule regarding to liberally construe pro se

25  pleadings, *Haines*, 404 U.S. at 521.


OFFICIAL TRANSCRIPT

1          I also move that the Court require the *Hudson* method
2    be implemented by defense counsel.  The notice of the
3    requirements of a summary judgment motion under Rules 12(b)6
4    and 56 of the Federal Rules of Civil Procedure.  See *Hudson*
5    *versus Hardy*, 412 F.2d 1091, 1094 (D.C. Cir. 1968) as summary
6    judgment is contrary to lay intuition.
7          As I pursue my liberties of health and Medicare pays
8    my healthcare, I once again motion the Court to appoint counsel
9    under 28 U.S.C. 1915(d) and (e)(1).  My claim is colorable as
10   proven by this stage in my class action alone and my right to
11   due process and meaningfully be heard since pro se litigants
12   often are unable to comply with procedural rules.
13         I have been disabled for medical reasons by the
14   Social Security Administration federally recognized for
15   19 years, and I believe the *Hudson* method -- if I'm going to be
16   pro se, ma'am, I need to have clarity.  I couldn't understand
17   what you meant the first time when you told me about the
18   motion, and I don't understand this legal lingo whatsoever.
19   But I do have the right to equal justice under the law.  And I
20   do believe the *Hudson* method would clarify the necessities to
21   any summary judgments by BP.  Because you know as well as I do,
22   I don't stand a chance without it.
23         THE COURT: Mr. Maas, there's no motion for summary
24   judgment currently pending.
25         At this point, the only matters are your

OFFICIAL TRANSCRIPT

1  supplementing your disclosures, your PPF.  BP will be
2  delivering to you its initial disclosures, and then you all
3  will be consulting on venue and then filing an appropriate
4  motion with regard to venue.  Those are the current matters on
5  the table.
6          The issues you're talking about are down the road.
7  Let's see what court you're in.  If this case is transferred to
8  another court, you can reurge them to reconsider the
9  appointment of counsel, but I have made my decision in this
10 matter already.
11         So there being nothing further, that concludes our
12 hearing for today.  Thank you all for your time this morning.
13 Goodbye.
14 (Whereupon this concludes the proceedings.)
15
16
17
18
19
20
21
22
23
24
25

OFFICIAL TRANSCRIPT

1

**<u>CERTIFICATE</u>**

2

3      I, Alexis A. Vice, RPR, CRR, Official Court Reporter for

4  the United States District Court, Eastern District of

5  Louisiana, do hereby certify that the foregoing is a true and

6  correct transcript, to the best of my ability and

7  understanding, from the record of the proceedings in the

8  above-entitled and numbered matter.

9

10                              */s/Alexis A. Vice, RPR, CRR*
                             Alexis A. Vice, RPR, CRR
11                              Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

OFFICIAL TRANSCRIPT