# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN SCOTT MAAS, | * | |
| | * | |
| PLAINTIFF, | * | CIVIL ACTION NO. 20-00335 |
| | * | |
| VERSUS | * | |
| | * | |
| BP EXPLORATION & PRODUCTION INC. AND BP AMERICA PRODUCTION COMPANY, | * * * | JUDGE BARBIER MAGISTRATE JUDGE CURRAULT |
| DEFENDANTS. | * * | |
| Related to: 12-968 BELO in MDL No. 2179 | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANTS' OPPOSITION TO MOTION TO PRODUCE DOCUMENTS

*Pro se* Plaintiff John Maas has sent to defense counsel a Motion to Produce Documents. This Motion is inappropriate at this stage of proceedings and should be denied.[1]

**First**, pursuant to the Paragraph III of the Court's BELO Cases Initial Proceedings Case Management Order ("CMO #1") (Rec. Doc. 3), as modified by the Court's July 8, 2020 Order (Rec. Doc. 24), the parties' venue statement is due today. On August 13, 2020, counsel for the Defendant BP Parties conferred with Mr. Maas, and both parties agreed that this case should be transferred to the United States District Court for the Middle District of Tennessee. Mr. Maas reviewed and agreed to a joint stipulation requesting this transfer on August 17, 2020. That stipulation is being filed today. The BP Parties had previously delivered their initial disclosures

---

[1] Plaintiff's Motion does not appear on the Court's docket and it is not clear whether it has been filed. For the Court's convenience, a copy of the motion is attached. The BP parties have redacted the exhibits that contain Mr. Maas' personal information.

to Mr. Maas by Federal Express on July 23, 2020.  If Mr. Maas had issues with those disclosures, he should have indicated that he wished to raise those issues before the date on which the agreed venue stipulation is being filed with the Court.[2]

**Second**, the subject of Mr. Maas' Motion involves documents and information beyond the scope of the initial disclosures required by CMO #1.  Under CMO #1, the BP Parties are to produce records relating to plaintiff in the medical encounters database and/or other cleanup worker databases; to plaintiff's job duties, time records, and job assignments in the BP Parties' possession; and contracts between plaintiff's direct employer and the BP Parties, if applicable. (Rec. Doc. 3, ¶ II(2)).  The BP Parties timely produced to Mr. Maas the disclosure information in their possession on July 23, 2020.

Mr. Maas' Motion seeks information from the BP Parties such as "[a]ll records from Global Employment Services, Inc.," the third party contractor for whom he allegedly worked. (Motion at 2.)  He seeks all records concerning an alleged fire aboard the vessel Bay Master II, "[a]ll records of animal rescue and D.M.R. onboard the superskiff II," and records relating to damage claims for that vessel.  (*Id.*).  This type of information is beyond the scope of CMO #1's initial disclosures and should be addressed in discovery in the transferee court.

**Third**, Mr. Maas previously contacted the BP Parties seeking records relating to a fire aboard the Bay Master II.  The BP Parties, through counsel, advised him that although this

---

[2] Although the certificate of service indicates that the Motion was served by mail on August 14, 2020, it was not received until today, August 21, 2020.  Moreover, the Motion does not indicate a submission date.  Out of an abundance of caution, and because the venue stipulation is due today, the BP Parties are submitting this summary opposition on the same date that they received the Motion.  If the Court wishes to address the merits of the Motion, the BP Parties request that a briefing schedule be entered so that they can prepare a more thorough response.

information was not covered by the disclosure requirements of CMO #1, they had nonetheless searched their records and did not locate documents relating to this alleged incident.

**Finally**, the issues raised in the Motion are properly addressed through discovery requests in the transferee court that will preside over discovery and other pretrial proceedings in this lawsuit.

For these reasons, Plaintiff's Motion should be denied and the lawsuit should be transferred to the District Court for the Middle District of Tennessee, which can preside over discovery and other pretrial proceedings. If, however, this Court would like to resolve the merits of Plaintiff's Motion, the BP Parties request that the Court enter a briefing schedule so that they are allowed sufficient time to provide a more thorough response.

Date: August 21, 2020                                    Respectfully submitted,

   */s/ Scott C. Seiler*
Scott C. Seiler (Bar #19784)
Devin C. Reid (Bar #32645)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Telefax:  (504) 556-4108

   */s/ Kevin M. Hodges*
Kevin M. Hodges
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 434-5000
Telefax:  (202) 434-5029

   */s/ Catherine Pyune McEldowney*
Catherine Pyune McEldowney
MARON MARVEL BRADLEY
ANDERSON & TARDY LLC
1201 North Market Street, Suite 900
Wilmington, DE 19801
Telephone:  (302) 425-5177
Telefax:  (302) 425-0180

   */s/ Georgia L. Lucier*
Georgia L. Lucier
HUNTON ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200
Telefax:  (713) 220-4285

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.*
*AND BP AMERICA PRODUCTION COMPANY*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, the above and foregoing pleading was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. The above and foregoing pleading was also served by certified mail dated August 21, 2020 upon Plaintiff John Scott Maas at the below address:

John Scott Maas
505 Ripley Road
Sparta TN 38583

                                          */s/ Scott C. Seiler*
                                          Scott C. Seiler